## CIRCUIT COURT OF LANCASTER COUNTY

Ransone

v.

Leader Homes, Inc.

May 29, 1998

BY JUDGE JOSEPH E. SPRUILL, JR.

I have received and reviewed the memoranda recently sent me. I have also thoroughly reviewed this file.

As a procedural matter, the amended motion for judgment was filed May 20, 1997, and the defendant's demurrer, special plea, and grounds of defense were filed September 23, 1997. As the amended motion appears to have been filed without leave of court and the responsive pleadings were filed late, the Court would like a sketch order permitting these filings so that our file will be in order.

The claim of punitive damages must be disallowed. Had this been a negligence claim, punitive damages would be appropriate. Punitive damages must be based upon a finding of actual damages in tort. Virginia Code § 8.1-106. This proceeding is founded upon the contract between the parties. Punitive damages are unavailable in suits purely *ex contractu* and can be awarded only where an independent, willful tort is alleged and proved. *Kamlar Corp. v. Haley*, 224 Va. 699 (1983); *Gasque v. Mooers Motor Car Co.*, 227 Va. 154 (1984).

The plaintiff has abandoned her claims for damages for breach of good faith and unlawful detainer, and these counts need not be further addressed.

Although the claims of rescission and trespass may not coexist, as Mr. Stein suggests, they can be pleaded in the alternative, as they are, and that the jury could find either that there was a rescission or a trespass. Accordingly, the demurrer as to these claims is overruled.

I do not believe we can separate in this case the goods from the services. In other words, the purchase of the home and its delivery and appropriate

location on the plaintiff's property is, in my view, a single transaction. Mrs. Ransone paid for this home and for its proper delivery. The purpose of the transaction was for her to have a home in which she could reside.